IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ARTHUR JOYAL BARKER, ) | |
| ID # 1290750, ) | |
|     Petitioner, ) | |
| vs. ) | No. 3:09-CV-0729-K (BH) |
| ) | |
| NATHANIEL QUARTERMAN, Director, ) | Referred to U.S. Magistrate Judge |
| Texas Department of Criminal ) | |
| Justice, Correctional Institutions Division, ) | |
|     Respondent. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and an Order of the Court, this case has been referred to the United States Magistrate Judge for findings, conclusions, and recommendation.

**I. BACKGROUND**

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed his petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 to challenge his Dallas County conviction for aggravated robbery. (*See* Pet. Writ Habeas Corpus (Pet.) at 2.) Respondent is Nathaniel Quarterman, Director of TDCJ-CID.

On March 1, 2005, petitioner pled guilt to aggravated robbery in Cause No. F04-35305-MU, and received an eighty-year sentence. (Pet. at 2.) On February 7, 2006, the court of appeals affirmed the conviction. (*Id.* ¶ 9.) On June 13, 2007, the Texas Court of Criminal Appeals denied a state habeas challenge to the conviction. *See* Texas Courts Online, http://www.cca.courts.state.tx.us/opinions/casesearch.asp?CaseNumberNo=&DateFiled=&DateFiled2=&Style=Barker%2C+Arthur&Style_2=&COACaseNumberNo= (accessed Apr. 27, 2009) (following links to ultimate disposition for WR-67,592-01). On March 19, 2008, and February 11, 2009, the Texas Court of Criminal Appeals dismissed state habeas challenges to the conviction as abuses

of the writ. *Id.* (following links to ultimate disposition for WR-67,592-04 and WR-67,592-10).

In his petition, petitioner asserts the following ten grounds for relief: (1) involuntary plea and ineffective assistance of counsel; (2) jury instruction regarding parole issues; (3) counsel failed to timely convey a plea offer; (4) ineffective assistance of counsel at sentencing; (5) State violated state law and breached contract; (6) incomplete trial record; (7) use of derivative evidence to enhance sentence; (8) violation of right to counsel; (9) counsel withheld exculpatory evidence regarding a conflict of interest; and (10) habeas court dismissed state writ even though petitioner was unable to receive necessary information until 2009.[1] (Pet. at 7-8 and attached pages; Mem. Supp. at 1-36.)[2] He states that he has filed no prior federal habeas petition that challenged the same conviction challenged in this action. (*See* Pet. ¶ 21.)

To the contrary, petitioner has previously challenged his aggravated robbery before in federal court by way of a § 2254 petition.[3] *See Barker v. Quarterman*, No. 3:07-CV-1321-N (N.D. Tex.) (Pet. received July 27, 2007). He claimed (1) his attorney labored under a conflict of interest because petitioner could not pay $5,000; (2) his sentence was enhanced with an invalid prior conviction; (3) his indictment was invalid; (4) court abused its authority by denying access to court; (5) ineffective assistance of counsel; (6) conflict of interest caused by filed supplement; and (7) counsel denied him copies of his legal papers. *Id.* The Court denied that prior petition on its merits. *See id.* (recommendation dated Jan. 24, 2008, and order accepting filed May 16, 2008).

---

[1] It is unclear whether Claim 10 is premised upon the 2008 dismissal of his second state habeas application challenging his aggravated robbery conviction or the 2009 dismissal of his third application challenging that conviction. For purposes of these findings, the Court will construe the claim as being based upon both dismissals.

[2] Contemporaneously with these findings, the Court granted petitioner leave to file his supporting memorandum and stated that it would consider the motion for leave as the memorandum.

[3] Petitioner will be subject to sanctions if he provides false information to the Court in the future.

Because petitioner has filed a previous federal petition to challenge the conviction challenged in this action, the Court first considers whether it has jurisdiction over the instant petition.

## II. JURISDICTION

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). They "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). They have "a continuing obligation to examine the basis for jurisdiction." *See MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 173 (5th Cir. 1990).

If the instant § 2254 petition constitutes a second or successive petition, this Court cannot exercise jurisdiction over it without authorization from the court of appeals. *See* 28 U.S.C. § 2244(b); *Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003). Under Fifth Circuit precedent, a petition is successive when it raises a claim that was or could have been raised in an earlier petition or otherwise constitutes an abuse of the writ. *Hardemon v. Quarterman*, 516 F.3d 272, 275 (5th Cir. 2008); *Crone*, 324 F.3d at 836-37. However, a subsequent federal petition is not considered successive within the meaning of § 2244(b) unless it attacks "the same conviction" previously challenged through a federal habeas petition. *Hardemon*, 516 F.3d at 275-76 (distinguishing *Crone* because "*Crone* involved multiple § 2254 petitions attacking a single judgment").[4] Furthermore, a petition that is literally second or successive is not a second or successive application for purposes

---

[4] Notably, although *Crone* involved a challenge to petitioner's holding judgment of conviction followed by a challenge to post-conviction and post-sentence administrative actions that stripped him of good-time credits, *Hardemon* considered both challenges to be against "the same conviction".

of § 2244(b) if the prior dismissal is based on prematurity or lack of exhaustion. *See Slack v. McDaniel*, 529 U.S. 473, 487 (2000) (declining to construe an application as second or successive when it followed a previous dismissal due to a failure to exhaust state remedies); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-46 (1998) (declining to construe an application as second or successive when it followed a previous dismissal due to prematurity, and noting the similarities of such dismissal to one based upon a failure to exhaust state remedies). "To hold otherwise would mean that a dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." *Stewart*, 523 U.S. at 645.

Here, petitioner challenges a 2005 aggravated robbery conviction that he challenged in a prior federal petition which was denied on the merits. Under *Hardemon* and *Crone*, petitioner was required to present all available claims in his prior federal petition. A claim is available when it "could have been raised had the petitioner exercised due diligence." *Leonard v. Dretke*, No. 3:02-CV-0578-H, 2004 WL 741286, at *3 (N.D. Tex. Apr. 5, 2004) (recommendation of Mag. J.), *adopted by* 2004 WL 884578 (N.D. Tex. Apr. 20, 2004). The crucial question in determining availability is whether petitioner knew or should have known through the exercise of due diligence the facts necessary to his current claims when he filed his prior federal petition challenging the same conviction challenged in this case.

When petitioner filed his prior federal petition, he knew or should have known the factual predicate for his first nine claims raised in this action. Although he contends that he lacked necessary information for some claims until 2009, he identifies three affidavits as the missing information, and those affidavits do not support the contention. (*See* Mem. Supp. at 32-33; Exs. B, C, D of Mem. Supp.) Exhibit B is an affidavit from Cynthia Brown dated July 2, 2008, which relates to efforts to

locate criminal files regarding two 1981 convictions of petitioner. Not only did that affidavit exist prior to petitioner filing his prior federal habeas action in late July 2008, petitioner fails to show that he could not have obtained the affidavit even earlier through the exercise of due diligence. Exhibits C and D are affidavits dated in February and March 2009 from petitioner and his cousin (and co-defendant of petitioner in a 1981 offense). Petitioner has shown no reason why he and his cousin could have made their affidavits prior to petitioner's earlier federal petition.

When petitioner filed his prior federal petition, he also knew the factual predicate for his tenth claim to the extent that it is based upon the 2008 dismissal of his second state petition challenging his aggravated robbery conviction. On the other hand, to the extent that Claim 10 is based upon the 2009 dismissal of his third state petition challenging that conviction, petitioner would not have known the factual basis for such claim so as to include it in his prior federal petition. Nevertheless, Claim 10 raises an alleged error in the state habeas process that is not cognizable on federal habeas review. *See Trevino v. Johnson*, 168 F.3d 173, 180 (5th Cir. 1999) (holding that federal habeas relief is not available for such alleged errors).

Moreover, Claim 10 does not affect whether the instant federal application is successive even if it is partially premised on facts that could not have been discovered through the exercise of due diligence prior to the earlier federal petition. An action is not rendered non-successive merely because a petitioner may be raising a claim or part of a claim that could not have been raised in a prior federal petition. The statute specifically restricts the filing of a second or successive *application*. *See* 28 U.S.C. § 2244(b)(3) (emphasis added). The Fifth Circuit has specifically determined that an application is second or successive when it raises a claim that was or could have been raised in an earlier petition. *Crone*, 324 F.3d at 837-38; *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998) (per

5

curiam). "A 'mixed-application' that contains both claims that could have been raised previously and claims that could not have been so raised is nevertheless successive." *Cooper v. Cockrell*, No. 3:03-CV-596-L, 2003 WL 21517824, at *2 (N.D. Tex. Apr. 15, 2003); *Hubbard v. Cockrell*, No. 3:01-CV-1539-X, 2001 WL 1148274, at *2 (N.D. Tex. Sept. 18, 2001). Thus, although the instant petition may include a claim or part of a claim that could not have been asserted in a prior federal habeas action due to a lack of knowledge, such inclusion does not affect whether the instant application is successive.

Petitioner's federal petition is successive within the meaning of 28 U.S.C. § 2244(b) because it raises claims that were or could have been raised in petitioner's prior petition. When a petition is second or successive, the petitioner must seek an order from the Fifth Circuit Court of Appeals that authorizes this Court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A). The Fifth Circuit "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]." *Id.* § 2244(b)(3)(C). To present a claim in a second or successive application that was not presented in a prior application, the application must show that it is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *Id.* § 2244(b)(2). Before petitioner files his application in this Court, a three-judge panel of the Fifth Circuit Court of Appeals must determine whether the application makes the requisite prima facie showing. *See id.* § 2244(b)(3)(A) and (B).

Because the Fifth Circuit has not issued an order authorizing the district court to consider this successive application for habeas relief, this Court lacks jurisdiction over this action.

## III. RECOMMENDATION

The petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 should be **TRANSFERRED** to the United States Court of Appeals for the Fifth Circuit pursuant to *Henderson v. Haro*, 282 F.3d 862, 864 (5th Cir. 2002) and *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

**SIGNED this 27th day of April, 2009.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

7